UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00179-JVS (MLGx) | Date | March 5, 2012 |
| Title | Thomas Barnett v. United States Securities and Exchange Commission | | |

| | | |
|---|---|---|
| Present: The Honorable | Marc L. Goldman, Magistrate Judge | |
| Terri Steele | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:  Attorney Present for Defendants:

None  None

**Proceedings:** (In Chambers) Order Denying Thomas Barnett's Motion to Quash United States Securities and Exchange Commission's Subpoena for Bank Records

Pending before the Court is a motion brought by Thomas Barnett ("Movant" or "Barnett") pursuant to the customer challenge provisions of the Right of Financial Privacy Act of 1978, 12 U.S.C. § 3401, *et seq.*, ("RFPA"), filed on February 3, 2012. Movant requests an order quashing an investigative subpoena issued January 26, 2012 by the Securities and Exchange Commission ("Respondents" or "SEC") seeking Movant's bank records from Union Bank. The SEC filed an Opposition to the Motion on February 28, 2012. The Court has determined that oral argument will not significantly assist the decisional process; therefore the matter will be resolved without a hearing. For the reasons stated below, Barnett's Motion is DENIED.

I. Background[1]

This matter arises out of an SEC investigation captioned *In the Matter of the City of Victorville* (LA-3771). The investigation is exploring whether certain persons or entities violated anti-fraud and municipal securities provisions of the federal securities law in connection with the offer and sale of municipal bonds that were issued by agencies associated with the City of Victorville, California (collectively, "Victorville") and underwritten by Kinsell, Newcomb & De Dios, Inc. ("KND"). Specifically, the SEC is investigating, among other things, whether KND had a financial relationship with persons or entities that received proceeds from the bond offerings, and whether these persons or entities violated the law by failing to disclose those relationships. The SEC is also investigating whether KND and others made contributions to elected officials in violation of Municipal Securities Rulemaking Board ("MSRB") Rules G-37 and G-20.

According to publicly available records concerning the bond offerings, Victorville used KND as an underwriter for 18 different municipal bond offerings from 2003 to 2010. Press reports indicate that Inland Energy, Inc. ("Inland") has received proceeds since 2005 from Victorville municipal bond offerings through contracts between Victorville and Inland. Inland's website lists Barnett as its current Executive Vice President, and states that Barnett joined Inland in 2003.

---

[1] The facts are drawn primarily from the SEC's Opposition.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00179-JVS (MLGx) | Date | March 5, 2012 |
|---|---|---|---|
| Title | Thomas Barnett v. United States Securities and Exchange Commission | | |

On January 12, 2012, SEC staff took the investigative testimony of Barnett. Based on Barnett's testimony and other evidence, it appears that KND has a close business relationship with Inland which has not been disclosed in the bond filings. Barnett testified that a Mr. Kinsell, one of the named principals of KND, was the person who interviewed and hired him in 2003. It also appears that an affiliate of KND may have paid Barnett's salary.

In addition, the SEC has reason to believe that Kinsell may have used Barnett and his Union Bank accounts to transfer contributions to various elected officials in violation of MSRB Rules G-37 and G-20. It appears that in 2007, Kinsell may have transferred funds to Barnett for Barnett to donate to elected officials. Barnett testified that he has made other political donations to elected officials and that his Union bank records would contain this information.

On January 26, 2012, the SEC issued a subpoena to Union Bank for Barnett's bank records. The subpoena seeks Barnett's bank records from January 1, 2003, the year Mr. Barnett testified he began working for Inland, to the present. The SEC seeks Barnett's bank records to help it determine the extent of the financial relationship between Inland and KND and whether this information should have been disclosed in bond filings. The SEC also seeks the bank records to determine the extent to which Barnett transferred funds to elected officials, and whether Barnett received money from any persons or entities which was then transferred to elected officials.

In his motion, Barnett contends that the subpoena should be quashed because: (1) the information requested is overbroad and not reasonably calculated to lead to the discovery of information relevant to the investigation; (2) the information requested could be obtained from other sources or directly from the Movant; (3) the subpoena violates his right to privacy; and (4) the subpoena seeks information from accounts held jointly with Movant's spouse, and she received no RFPA notification from the SEC. Respondents reply that the subpoenaed records are relevant to a legitimate law enforcement investigation, and that Barnett's arguments lack merit.

II. Analysis

The RFPA gives customers of a financial institution the opportunity to challenge a government subpoena seeking disclosure of personal financial information from the institution. *See* 12 U.S.C. § 3410(a). However, the RFPA "narrowly constrains the range of decisions which the Court may make with regard to motions to quash." *In re Blunden*, 896 F.Supp 996, 999 (C.D.Cal. 1995) (citing *Collins v. Commodity Futures Trading Comm.*, 737 F.Supp. 1467, 1478 (N.D.Ill. 1990)). Pursuant to the RFPA, the court must deny a customer challenge to a subpoena if the government establishes the relevance of the subpoenaed documents to a legitimate law enforcement inquiry. 12 U.S.C. § 3410©. For purposes of an administrative subpoena, "the notion of relevancy is a broad one.... So long as the material [sought by the subpoena] touches on a matter under investigation, an administrative subpoena will survive a challenge that the material is not relevant." *Sandsend Fin. Consultants, Ltd. v. Fed. Home Loan Bank Bd.*, 878 F.2d 875 (5th Cir. 1989); *see also Casey v. FTC*, 578 F.2d 793, 799 (9th Cir. 1978) ("subpoena must be enforced if the information sought is not plainly incompetent or irrelevant to any lawful purpose").

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00179-JVS (MLGx) | Date | March 5, 2012 |
| Title | Thomas Barnett v. United States Securities and Exchange Commission | | |

Here, the SEC has met its burden of establishing that its investigation is a legitimate law enforcement inquiry, and that it has a reasonable belief that the records sought are relevant to the investigation. The SEC is authorized by Section 20 of the Securities Act, 15 U.S.C. 77t(a), and Section 21(a) of the Exchange Act, 15 U.S.C. 78u(a), to undertake investigations to determine whether violations of federal securities law have occurred. In its Opposition, the SEC represents that the bank records sought will help it determine who paid Barnett's salary and whether that was material information that should have been included in bond filings. The SEC also needs the records to determine whether any persons or entities transferred money to Barnett, which was then contributed to elected officials in violation of official contribution rules. Based on these facts, the SEC has met its burden of showing that the records are relevant to a legitimate law enforcement inquiry. *See, e.g., Blunden*, 896 F.Supp. at 1000.

Moreover, Barnett's arguments in opposition lack merit. As discussed above, the SEC has demonstrated that the records are reasonably related to the investigation, and are not overly broad in light of the nature of the investigation. *See Sandsend Fin. Consultants, Ltd.*, 878 F.2d at 882. Under the RFPA, there is no requirement that the government agency demonstrate that it would be unable to obtain the material requested from sources besides the financial institution, and thus Barnett's contention that the information sought could be obtained from himself or his employers is irrelevant. *See* 12 U.S.C. § 3401, *et seq.* Movant's contention that the subpoena violates his right to privacy also lacks merit. The RFPA sets forth the rights that individuals have with respect to their bank accounts, and here the SEC has complied with the applicable RFPA provisions. Barnett has provided no legal basis for a contrary conclusion.

Finally, the RFPA does not preclude the issuance of a subpoena for account records belonging to an individual not subject to investigation. *See, e.g., Karlis v. S.E.C.*, 613 F.Supp.2d 150 (D. Mass. 2009) (denying a motion to quash a subpoena for records of an account belonging to the spouse of an individual under investigation, as those records were relevant under the RFPA standard). Therefore, the fact that the accounts are held jointly with Barnett's spouse does not provide a basis for granting the motion to quash. Moreover, even if it was improper for the SEC to fail serve notification under RFPA on Movant's spouse, that failure does not affect the determination that Barnett's Motion should be denied because the subpoenaed records are relevant to the SEC's legitimate investigation.

Accordingly, Barnett's motion to quash the subpoena is **DENIED**.

Initials of Clerk    ts